IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RODNEY E. TORRES, #A0040707, | ) ) ) | CIVIL NO. 09-00506 JMS-BMK |
| Petitioner, | ) ) | **ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |
| vs. | ) ) | |
| STATE OF HAWAII, et al, | ) ) | |
| Respondents. | ) ) ) | |

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

On October 22, 2009, pro se Petitioner Rodney E. Torres ("Torres"),

filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

("Petition"), and application to proceed *in forma pauperis*.  Torres names the State

of Hawaii and its Attorney General as Respondents to the Petition.  For the

following reasons, the Court DISMISSES the Petition with leave granted to amend,

and DENIES the *in forma pauperis* application.

## I.  BACKGROUND

In his Petition, Torres claims that he was convicted of sexual assault,

sentenced to twenty years incarceration, and that his conviction was affirmed.

Torres also states that he filed a state post-conviction petition, "No. 28682,"

although he calls it a writ of certiorari.  Torres gives no further details concerning

his conviction, appeal, or post-conviction proceedings.

A review of Westlaw and the Hawaii State Judiciary's criminal database reveals the following details.[1]  On July 31, 1997, the State of Hawaii Intermediate Court of Appeals ("ICA"), affirmed Torres's conviction of sexual assault in the first degree, in violation of Hawaii Revised Statutes § 707-730(1)(b) (1993).  *See Hawaii v. Torres*, 85 Haw. 417, 945 P.2d 849 (Haw. App. 1997).  On April 20, 1998, the judgment on appeal was filed.  Hawaii State Judiciary public database:

http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm.

On August 6, 2004, Torres filed a petition for post-conviction relief pursuant to the Hawaii Rule of Penal Procedure 40, in the Circuit Court of the Third Circuit, State of Hawaii ("Circuit Court").  *See Torres v. Hawaii*, No. 28682, 118 Haw. 424, 192 P.3d 613 (Haw. App. Sept. 25, 2008 ).[2]  On September 25, 2008, the ICA affirmed the Circuit Court's order denying Torres's Rule 40 petition.  On February 10, 2009, the Supreme Court of Hawaii rejected Torres's application for writ of certiorari.  *See Torres v. Hawaii*, No. 28682, 2009 WL 2051662 (Haw. Feb. 10, 2009).

---

[1] The court gives the following details as background only, and does not rely on them for the facts presented until an Answer has been filed and these facts are verified by state court records.

[2] The number of this Rule 40 petition, "28682," corresponds with the number Torres provides in his federal habeas petition.  *See* Pet. pp. 2-3.

2

Torres raises three grounds for relief in the present Petition: (1) ineffective assistance of trial counsel; (2) the complainant lied during trial; and (3) one juror was a retired judge, "which is illegal."  For the following reasons, the Petition is DISMISSED with leave to amend and the *in forma pauperis* application is DENIED.

## II.  DISCUSSION

### A.    Improper Respondent

A petitioner seeking a writ of habeas corpus under § 2254 must name the state officer having custody of him or her as the respondent to the petition.  *See Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994); Rule 2(a) 28 U.S.C. foll. § 2254.  The correct respondent will normally be the warden of the facility in which the petitioner is incarcerated, or the chief officer in charge of state penal institutions. (citing *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992)).  A petitioner's failure to name the custodian of his place of confinement as respondent deprives the federal court of personal jurisdiction.  *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).  The court requires strict compliance with these rules, and the petition must be dismissed on this basis.

Torres is granted leave to file an amended petition by November 27, 2009, naming his warden as the Respondent.

3

**B.      Timeliness of Petition**

Torres's claims are governed by the statute of limitation set forth in 28 U.S.C. § 2244(d)(1).  Under the statute, a one-year limitation period applies to applications for writs of habeas corpus, subject to certain tolling conditions.  *See* 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting statutory tolling under 2244(d)(2) to state, not federal petitions); *Corjasso v. Ayers,* 278 F.3d 874, 877-79 (9th Cir. 2002) (holding that, on a showing of extraordinary circumstances, equitable tolling may apply to part or all of a petition); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

Presuming that Torres's conviction was final on April 20, 1998, the date that appears on the state court criminal database, and allowing ninety days thereafter for Torres to file a petition for writ of certiorari with the United States Supreme Court, *see Clay v. United States*, 537 U.S. 522, 527 (2003), the statute of limitation began to run on Torres's conviction on or about July 19, 1998, and expired on or about July 19, 1999.  It appears that Torres did not file his Rule 40 petition until July 11, 2007, nearly eight years later.  Barring other statutory or equitable tolling, the present Petition is time-barred.  *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Torres is thus NOTIFIED that his claims may be time-barred pursuant to 28 U.S.C. § 2244(d).  *See Herbst v. Cook*, 260 F.3d 1039, 1042 & n.3 (9th Cir. 2001)

(discussing the district court's authority to raise the issue of statute of limitation sua sponte).  If Torres decides to file an amended petition, he must provide specific details concerning the relevant dates governing his claims.  Torres should carefully answer each question on the court's form petition.  He should specifically address the court's concerns about the statute of limitation, setting forth facts, if possible, that would prevent the statute of limitation from running against him.  *See id.* at 1043 (stating that the district court must provide petitioner with adequate notice and an opportunity to respond before dismissing the petition on statute of limitation grounds).  The court notifies Torres that it is his burden to demonstrate that he is entitled to equitable tolling of the statute.  *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

## C.     *In Forma Pauperis* **Application**

Torres seeks *in forma pauperis* status.  Torres's application shows that he has $1,685.11 in his restricted and spendable prison trust accounts.  As a prisoner, whose subsistence needs are fully paid by the state, Torres is able to pay the $5.00 statutory filing fee for this action and is not a pauper within the meaning of 28 U.S.C. § 1915.  The request to proceed *in forma pauperis* is DENIED.  Torres shall submit the $5.00 filing fee within thirty days of this Order.  Failure to do so may result in dismissal of this action without prejudice for failure to prosecute or otherwise comply with a court order.  Fed. R. Civ. P. 41(b).

### III.  CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1.  Torres's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice for failure to name a proper respondent. Torres is GRANTED until **November 27, 2009,** to file an amended petition naming a proper respondent.

2.  The amended petition must be on this court's forms, labeled "Amended Petition," and bear the docket number assigned this case.  Torres should carefully answer each question on the Amended Petition.  Torres should set forth facts, if possible, explaining why his claims are not time-barred under 28 U.S. C. § 2244(d).

3.  Torres's *in forma pauperis* application is DENIED.  Torres is ordered to submit the $5.00 filing fee when he files his Amended Petition, on or before **November 27, 2009.**

4.  Failure to file an Amended Petition, or to submit the filing fee, on or before **November 27, 2009,** will result in the AUTOMATIC DISMISSAL of this action without prejudice.

5.  The Clerk of Court is DIRECTED to send Torres the court's forms for filing a petition pursuant to 28 U.S.C. § 2254, so that he may adequately amend his

Petition according to the directions of this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 28, 2009.



 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Torres  v. Hawaii*, Civ. No. 09-00506 JMS-BMK, Order Dismissing Petition With Leave to Amend (prose attys\ dmp\habeas 09\ Torres 09-506 (imp. resp. sol))