IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RODNEY E. TORRES, #A0040707, ) ) ) | CIV. NO. 09-00506 JMS/BMK |
| Petitioner, ) ) | ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF |
| vs. ) ) | APPEALABILITY |
| TODD THOMAS, ) ) | |
| Respondent. ) _____ ) | |

## ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Before the court is pro se Petitioner Rodney E. Torres' ("Petitioner") petition for writ of habeas corpus brought under 28 U.S.C. § 2254 ("Petition"). Respondent has answered the Petition and Petitioner has filed a Reply. (Docs. 11, 13, & 21.) After careful consideration of the entire record, the court DISMISSES the Petition with prejudice as barred by the statute of limitation set forth in 28 U.S.C. § 2244(d) and DENIES a Certificate of Appealability.

### I. BACKGROUND

On February 10, 1995, Petitioner was found guilty of sexual assault in the first degree,[1] by jury trial in the Circuit Court of the Third Circuit, State of

---

[1] In violation of Hawaii Revised Statute § 707-330(b)(b) (1993).

Hawaii ("circuit court").  On March 24, 1995, the circuit court entered judgment of conviction in Cr. No. 94-0-0076K and sentenced Petitioner to twenty years incarceration.

Petitioner directly appealed, raising state law claims regarding the admission of evidence at trial, prosecutorial misconduct, and trial error for failure to instruct the jury *sua sponte* on a lesser-included-offense.  The Hawaii Intermediate Court of Appeals ("ICA") affirmed Petitioner's conviction on July 31, 1997.[2]  The Hawaii Supreme Court dismissed Petitioner's petition for *certiorari* on October 29, 1997.  On November 10, 1997, Petitioner moved for reconsideration.  Although the record does not contain the order disposing of this motion, apparently the Hawaii Supreme Court denied it, because notice and judgment on appeal affirming Petitioner's conviction was filed on April 15, 1998.

More than six years later, on August 6, 2004, Petitioner, proceeding pro se, filed a petition for post-conviction relief in the circuit court pursuant to Rule 40 of the Hawaii Rules of Penal Procedure ("Rule 40 Petition").  Resp't Ex. 12.  Petitioner claimed: (1) the State failed to prove penetration beyond a

---

[2] The ICA initially vacated Petitioner's conviction and remanded the case to the circuit court for further proceedings.  See Resp't Supp'l Br., Ex. 13.5, ICA Memorandum Opinion, dated April 30, 1997.  On May 8, 1997, the State moved for reconsideration of this Order.  The ICA apparently vacated the Memorandum Opinion, and as noted above, affirmed the circuit court on July 31, 1997, in *State v. Torres*, 85 Haw 417, 945 P.2d 849 (Haw. App. 1997).  See Resp't Supp'l Ex. 13.6-13.7; *see also* Ex. 4.

reasonable doubt; (2) a retired judge was improperly empaneled as a juror and commented on one of Petitioner's witnesses; and (3) his trial counsel, James Tio, Esq., was ineffective for failure to raise these issues at trial.  On July 11, 2007, after two evidentiary hearings, the circuit court issued its Findings of Fact, Conclusions of Law and Order denying the Rule 40 Petition.  Petitioner, represented by counsel, appealed.  On September 25, 2008, the ICA affirmed the circuit court's order denying Petitioner's Rule 40 Petition.  The ICA entered its judgment on appeal on October 15, 2008.  On February 10, 2009, the Hawaii Supreme Court rejected Petitioner's application for writ of *certiorari*.

Approximately eight months later, on October 22, 2009, Petitioner filed the present Petition, raising the following grounds for relief: (1) ineffective assistance of trial attorneys Frank Miller, Esq., and James Tio, Esq.; (2) the complainant was improperly questioned at trial, the complainant's brother was supposed to testify but did not, and the complainant's mother should have been compelled to testify that the complainant always lies; and (3) a retired judge who was empaneled on the jury stated that one of Petitioner's witness was incompetent.

## II.  LEGAL STANDARD

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *Woodford v. Garceau*, 538

U.S. 202, 205 (2003).  Under the AEDPA, state prisoners are given a one-year limitation period in which to file a federal habeas petition, that is subject to both statutory and equitable tolling.  *See* 28 U.S.C. § 2244(d)(1)(2); *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Pace v. DiGuglielmo*, 544 U.S. 408, 410, 418 (2005); *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997); *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001).  The limitation period begins to run from the latest of four alternate dates, on which either: (1) the conviction becomes final; or (2) any State-created impediment to filing is removed; or (3) the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the factual predicate of the claims asserted could have been discovered through due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).  The AEDPA provides for statutory tolling of the limitations period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]"  28 U.S.C. § 2244(d)(2); *see also*, *Chavis*, 546 U.S. at 191; *Pace*, 544 U.S. at 410; *Tillema*, 253 F.3d at 502.

The AEDPA limitations period may be equitably tolled if extraordinary circumstances beyond the petitioner's control made timely filing impossible and the petitioner acted diligently in pursuing his rights.  *See, e.g.*,

*Pace*, 544 U.S. at 418; *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005); *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), *as amended*, 447 F.3d 1165 (9th Cir. 2006); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Fail v. Hubbard*, 315 F.3d 1059, 1061-62 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The petitioner "bears the burden of showing that equitable tolling is appropriate." *See Gaston*, 417 F.3d at 1034 (citing *Miranda*, 292 F.3d at 1065); *see also, e.g.*, *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (assuming without deciding that equitable tolling applies in AEDPA cases, and that, even if a stated contention "could be legally credited" as a basis for equitable tolling, petitioner still would bear the burden of making "factual showing" thereof).

### III. DISCUSSION

The Petition alleges that Petitioner failed to present any of his grounds for relief in the present Petition to the state courts "due to my illiteracy and lack of legal help." Pet. at 12. Petitioner also states that, insofar as the Petition is untimely, this should be excused because he is illiterate. *Id.* at 14. After initially reviewing the Petition, the court notified Petitioner that it appeared his claims were time-barred pursuant to 28 U.S.C. § 2244(d), and that he would be required to demonstrate that either the Petition was timely under the statute or that he was

entitled to equitable tolling.  *See* Doc. 5 at 4-5.  When the court later ordered the State to show cause and answer the Petition, Petitioner was again notified that "the court is considering dismissing his Petition as time-barred . . .", that he should "specifically address the court's concerns about the statute of limitation . . . ," and that it was his burden to demonstrate equitable tolling.  *See* Doc. 10.  Despite being given this notice and an extension of time to file a Reply, Petitioner does not explain why he is entitled to equitable tolling or even address the statute of limitation issue in the Reply.

In response to the Order to Show Cause, Respondent argues that: (1) Petitioner's conviction was final before the AEDPA was enacted; (2) Petitioner's 2004 Rule 40 proceeding nonetheless tolled the statute of limitation for issues raised therein; (3) the Petition is partially time-barred, partially unexhausted, fails to present federal issues, and, for those claims that are properly exhausted and cognizable, the state courts' determinations were neither contrary to nor an unreasonable determination of federal law.  Respondent also argues that, insofar as the Petition is time-barred, Petitioner's illiteracy does not satisfy the extraordinary circumstances necessary to equitably toll the statute of limitation.

**A.   Statutory Tolling**

First, Respondent's assertion that Petitioner's "conviction was final

before enactment of AEDPA," is incorrect.  Resp't Supp'l Br. at 6.  The record clearly shows that, after the Hawaii Supreme Court denied Petitioner's petition for *certiorari*, notice and judgment on appeal was filed on **April 20, 1998**.  Although it does not appear that he did so, Petitioner had ninety days from that date to file a petition for writ of *certiorari* with the United States Supreme Court.  *Clay v. United States*, 537 U.S. 522, 527 (2003).  Petitioner's conviction was therefore final on **July 19, 1998**, approximately two years after the AEDPA was enacted.  Thus, the statute of limitation began to run on federal challenges to Petitioner's conviction and sentence on July 20, 1998, and expired on July 19, 1999.  *Id.* at 527; 28 U.S.C. § 2244(d)(1)(A).

Second, Respondent's statement that, "[b]ecause Rule 40 . . . contains no limitation on the time for filing for post-conviction relief," Petitioner's August 6, 2004 Rule 40 Petition was "'properly' filed . . . and the federal one year statute of limitations did not begin to run until the State petition for post-conviction relief was resolved" is also incorrect.  Resp't Supp'l Br. at 6.  The federal limitation period is not statutorily tolled between the end of direct state appellate review and the beginning of state collateral review, because there is no case "pending" during that time.  *See, e.g.*, *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  Nor is statutory tolling available if the limitation period expired before the first state

petition for collateral review was filed.  *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).  As a result, whether Petitioner's Rule 40 Petition was properly filed under state law is irrelevant.  By the time Petitioner filed his Rule 40 Petition, the federal statute of limitation had already expired for *any* federal challenge to his conviction and sentence, regardless of whether he was still able to file a state post-conviction proceeding after the federal statute of limitation expired.  In other words, a timely state post-conviction proceeding that is filed after the federal limitation period has expired does not revive the federal limitation period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (where petitioner filed his state post-conviction relief proceeding "after the AEDPA statute of limitations ended . . . [t]hat delay resulted in an absolute time bar . . ."); *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

       The record does not indicate any other basis for statutory tolling, i.e., Petitioner does not allege that he was impeded from filing his federal habeas petition due to state action in violation of the Constitution or laws of the United

States; a newly-recognized right; or that his Petition is predicated on newly-discovered facts that could not have been discovered earlier through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Accordingly, statutory tolling does not render the instant proceeding timely.

**B.     Equitable Tolling**

Although the Supreme Court has never explicitly determined whether section 2244(d) allows for equitable tolling, *Bowles v. Russell*, 551 U.S. 205 (2007), the Ninth Circuit has held that "*Bowles* did not invalidate equitable tolling of the AEDPA statute of limitations." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 n.2 (9th Cir. 2009), *cert. denied*, --- U.S. ----, 130 S. Ct. 244 (2009); *see also Harris v. Carter*, 515 F.3d 1051, 1054 n.4 (9th Cir. 2008), *cert. den. by Brunson v. Harris*, --- U.S. ----, 129 S. Ct. 397 (2008).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *see also Waldron-Ramsey*, 556 F.3d at 1011. In other words, "[a] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Ariz. Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007); *Waldron-Ramsey*, 556 F.3d at 1011 (an external force must cause the

untimeliness, and thus, mere oversight, miscalculation, or negligence on the petitioner's part would preclude the application of equitable tolling). The petitioner must also establish that the extraordinary circumstances asserted were, in fact, the reason why the federal habeas petition was untimely. *Spitsyn*, 345 F.3d at 799. A pro se petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Allen v. Lewis*, 255 F.3d 798, 801 (9th Cir. 2001) (holding that a petitioner must show that the "extraordinary circumstances" were the proximate cause of his untimeliness); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (finding that ignorance of the law for pro se petitioner did not excuse prompt filing).

The Ninth Circuit has held that a *non-English-speaking* petitioner who is unable to obtain translation assistance despite diligent efforts *may* be able establish the necessary extraordinary circumstances justifying equitable tolling. *See Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (citing *Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002) (denying equitable tolling to a petitioner who could communicate in English). In *Mendoza*, however, the Ninth Circuit reiterated that "a petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief." *Id.*

Moreover, in *Cobas* -- the case relied upon by *Mendoza* -- the Sixth Circuit explicitly stated that a lack of legal training, poor education, or "even [the petitioner's] illiteracy does not give a court reason to toll the statute of limitations." *Cobas*, 306 F.3d at 444.

Petitioner claims that his illiteracy and lack of legal knowledge prevented him from pursuing his federal claims, but he fails to expand on this statement in any manner, or to demonstrate that he diligently pursued his claims. First, Petitioner does not argue that he is unable to speak and understand English, or that he was unable to request assistance from prison officials or other inmates at any time since he was convicted. Standing alone, Petitioner's illiteracy is insufficient to justify equitable tolling.

Second, Petitioner does not explain how he was able to request and receive assistance in 2004 to initiate his Rule 40 state post-conviction proceeding, despite his illiteracy, but was incapable of doing so before, or was incapable of filing a federal, rather than a state habeas petition. If Petitioner was able to request assistance in 2004, and again in 2009 when he filed the present Petition, then he was clearly able to understand that filing a petition was necessary and was able to take steps to make that happen, despite his illiteracy. *See Bills v. Clark*, 2008 WL 4291325, at *4 (E.D. Cal. Sept. 18, 2008) (citing *Mendoza*, 449 F.3d at 1070).

11

Third, during the pendency of this case, Petitioner has demonstrated several times that, despite his illiteracy, he was well aware of the time limitations for filing documents, was able to address the court by letter (with prison officials' assistance), was able to request extensions of time to file documents, and was able to move the court to ensure that prison officials gave him sufficient assistance. *See* Docs. 6, 9, 15. After Petitioner was granted extensions of time and assistance, he was able to timely file his Reply to Respondent's Answer and Supplemental Brief, a feat that many other literate pro se prisoners are unable to do.

Fourth, Petitioner does not argue and the record does not reflect that he pursued his claims diligently in the past ten years or that some other extraordinary circumstance stood in his way. Instead, Petitioner waited nearly six years after his conviction was final before seeking help and initiating post-conviction proceedings in the state courts. He then waited another eight months after the Hawaii Supreme Court rejected his Rule 40 Petition before commencing this action. Petitioner never explains these considerable delays, other than to state that he was illiterate. This timeline does not support a finding that Petitioner was diligently pursuing his claims.

Many pro se prisoners are illiterate and unversed in the law; standing alone, these factors alone do not support a claim for equitable tolling. *See*

*Rasberry*, 448 F.3d at 1154.  In light of Petitioner's ability to file state and federal habeas corpus petitions *after* the statute of limitation had run, despite his illiteracy and lack of legal training, Petitioner has not demonstrated that his illiteracy and lack of legal knowledge made it impossible for him to file a federal petition on time, or that he diligently pursued his claims sufficient to toll the statute.  Without more, Petitioner is not entitled to tolling based on illiteracy.  *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir.1986) (finding pro se prisoner's illiteracy unfortunate but insufficient to establish cause sufficient to avoid procedural bar).  Accordingly, equitable tolling of the statute of limitations period is not warranted.

## IV.  **CONCLUSION**

The Petition is time-barred and is therefore DISMISSED with prejudice.  A Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are DENIED because (1) dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and (2) Petitioner has not made a substantial showing of the denial of a

///

///

///

constitutional right.  *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); Rule 11(a), Rules Governing § 2254 Proceedings.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, April 12, 2010.



                      /s/ J. Michael Seabright
                      _____
                      J. Michael Seabright
                      United States District Judge

*Torres v. Thomas*, Civ. No. 09-00506 JMS/BMK; Order Dismissing Petition and Denying Certificate of Appealability; prose attys\Habeas\dmp\2010\ Torres 09-506 JMS #2 (SOL)